IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY GAY, Inmate #B62251,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 05-150-MJR |
| | ) |
| **DR. CHANDRA,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

*In Forma Pauperis* **Status**

On March 9, 2005, Plaintiff was granted leave to proceed *in forma pauperis* and was assessed an initial partial filing fee, which he paid on July 7, 2005. After it came to the Court's attention that Plaintiff had "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," *see* 28 U.S.C. § 1915(g), the Court ordered Plaintiff to pay the balance due of the filing fee or have the case dismissed (Doc. 9). In response, Plaintiff filed two documents: a "judicial notice," in which he stated that he is under imminent danger (Doc. 10), and a "motion to show cause why plaintiff should be allowed to continue to proceed in forma pauperis" (Doc. 11). In the motion, Plaintiff states that he is under imminent danger, and should be allowed to proceed *in forma pauperis* under 28 U.S.C.

§ 1915(g) because he has a mental illness that is not being treated, causing him to mutilate himself and putting him at greater risk to commit suicide. The Court finds that Plaintiff has shown that he is in imminent danger and will be allowed to continue to proceed *in forma pauperis*. As such, Plaintiff's motion to proceed in forma pauperis under imminent danger (Doc. 11) is **GRANTED**.

### Threshold Review of the Complaint pursuant to 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

>    **COUNT 1:**   Against Defendant Chandra for subjecting him to cruel and unusual conditions of confinement.
>
>    **COUNT 2:**   Against Defendant Chandra for deliberate indifference to his serious medical needs.

<u>**COUNT 1**</u>

Plaintiff states that on March 14, 2004, Defendant Chandra ordered that Plaintiff be strapped to a metal bed frame, naked, in a cold cell, with nothing to eat, for over eleven hours. On April 14, 2004, Defendant Chandra ordered that Plaintiff be confined under the same conditions for over twelve hours. On this date, Defendant Chandra, with knowledge that Plaintiff had a paper clip between his teeth, allowed Plaintiff to choke on the paper clip, causing Plaintiff to be rushed to an outside hospital. On April 17, 2004, Defendant Chandra confined Plaintiff under the same conditions (strapped to a metal bed frame, naked, in a cold cell, and with nothing to eat) for over 32 hours, on May 8, 2004, for over eleven hours, on June 30, 2004, for eight hours, on July 2, 2004, for four hours, and on July 11, 2004, for over eight hours. Plaintiff states that Defendant Chandra exposed him to these cruel and unusual conditions maliciously and sadistically to cause harm.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Based on these standards, and Plaintiff's allegations, this claim cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

<u>**COUNT 2**</u>

Plaintiff states that he was transferred to Tamms on January 29, 2004. On February 8, 2004, he mutilated his inner thigh. Since that date, he has mutilated his arm, leg, and penis at least thirty-five times, and in May 2004, he mutilated his penis so badly that he was taken to an outside hospital where he stayed for a week. Plaintiff states that if he does not mutilate himself he suffers severe anxiety attacks. Defendant Chandra has refused to treat him with anti-anxiety medication, thereby causing him to continue to mutilate himself and exposing him to extreme risk for committing suicide. Plaintiff argues that this refusal to treat him with medication constitutes deliberate indifference to a serious medical need.

> Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S.Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). *See also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium constitutes deliberate indifference to patient's psychiatric condition). Based on these standards and Plaintiff's allegations, this claim cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

**SUMMARY AND CONCLUSION**

Plaintiff is allowed to proceed against Defendant Chandra on both counts of the complaint.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendant Chandra***. The Clerk shall forward those forms, the USM-285 form submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendant Chandra*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 25th day of April, 2006.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**