IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-150-MJR |
| ) | |
| DR. CHANDRA, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for a Temporary Restraining Order (Doc. 50), the Motion for a Preliminary Injunction (Doc. 50), the Supplemental Renewed Motion for a Temporary Restraining Order (Do. 53), and the Supplemental Renewed Motion for a Preliminary Injunction (Doc. 53).  For the reasons set forth below, it is **RECOMMENDED** that all of these motions be **DENIED AS MOOT**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On March 1, 2005, Plaintiff Anthony Gay filed this lawsuit against Defendant Dr. Chandra pursuant to 42 U.S.C. § 1983, alleging Dr. Chandra subjected him to cruel and unusual conditions of confinement and for deliberate indifference to his serious medical needs, both in violation of the Eighth Amendment.  With regard to the latter allegation, Gay states that in November 2005, Dr. Chandra placed him on the anti-depressant and anti-anxiety medication Doxepin at a dosage level of 100 mg, but later, without his prior notice or consent, increased that dosage to 250 mg on May 8, 2006.  Gay asserts that the increase in dosage caused significant

side effects, including difficulty breathing, sleepiness, fatigue, and a racing heart. Gay alleges that after he complained to Dr. Chandra about the effects of the increased dosage, Dr. Chandra told him to "take the 250 mg or I'm discontinuing it." (Doc. 16). Gay asserts that all of his attempts to have his dosage reduced were ignored, and that he was forced to stop taking Doxepin due to the side effects he experienced, which he alleges puts him at risk to commit suicide. Although the record does not offer a definitive answer, it appears that Gay was either put back on some psychotropic medication, or continued receiving other psychotropic medication other than Doxepin prior to the instant motions being filed.

During the course of discovery, Gay filed motions with the Court requesting that the Court take judicial notice of Dr. Chandra's 1986 convictions for obstruction of justice and Medicare fraud, attaching documentation regarding the conviction (Docs. 43, 45). In the instant motions seeking equitable relief, Gay claims that on April 23, 2007, Dr. Chandra came to Gay's cell and stated, "Dig up some more crap, dig up some more shit." (Doc. 53). Gay then alleges that on April 25, 2007, Dr. Chandra informed Gay that he was discontinuing his medication (Doc. 50). Gay alleges that his medication was discontinued in retaliation for filing his motions seeking judicial notice of Dr. Chandra's prior convictions. Gay further alleges, in graphic detail, that the discontinuance of his medication has caused him to physically mutilate himself and that he is at severe risk of committing suicide (Docs. 50, 53).

The Court held a hearing on these motions on July 2, 2007, and Gay informed the Court that he was seeking a second opinion from a different psychiatrist regarding his treatment and medication, and that he wished to not have Dr. Chandra continue to be his treating psychiatrist. During that hearing, the Court was informed by defense counsel that Dr. Chandra was about to leave his position with Tamms Correctional Center, where Gay is currently incarcerated. The

Court took the motions under advisement, and requested Dr. Chandra file an affidavit with the Court regarding his employment status with Tamms Correctional Center. On July 5, 2007, such an affidavit was filed with the Court.

Dr. Chandra's informed the Court in his affidavit that June 29, 2007, was his last day as a psychiatrist at Tamms Correctional Center (Doc. 60-2). Dr. Chandra's affidavit further informed the Court, however, that the psychiatrist who was to replace Dr. Chandra on Monday, July 2, 2007, was unable to start that day as planned. Id. Due to this delay, Dr. Chandra agreed to be on call and to provide a few hours of service approximately once per week at Tamms until the new psychiatrist's arrival. Id. Dr. Chandra believes he is not the only psychiatrist assisting on a temporary basis until the replacement psychiatrist arrives. Id. Dr. Chandra denies any wrongdoing, but nonetheless agreed to refrain from any further contact with Gay. Id. Dr. Chandra states that Gay will be reassessed by the new psychiatrist and that Dr. Chandra has no control over what that new psychiatrist will do. Id.

### CONCLUSIONS OF LAW

In light of Dr. Chandra's assertions, it appears that Gay's motions seeking temporary restraining orders and preliminary injunctions are moot, as Gay appears to be getting the relief he requested without the Court's intervention. Should the facts and circumstances as represented herein change, Gay is free, of course, to file a renewed motion through his newly appointed attorney. Accordingly, is **RECOMMENDED** that Gays motions be **DENIED AS MOOT**.

### CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion for a Temporary Restraining Order (Doc. 50), the Motion for a Preliminary Injunction (Doc. 50), the Supplemental Renewed Motion for a Temporary Restraining Order (Do. 53), and the

Supplemental Renewed Motion for a Preliminary Injunction (Doc. 53) each be **DENIED AS MOOT** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 6, 2007**

                                              **s/** *Donald G. Wilkerson*
                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**