## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CV-0150-MJR |
| | ) | |
| DR. CHANDRA, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On March 1, 2005, Gay filed a pro se complaint alleging that Chandra was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 1). The matter was promptly referred to United States Magistrate Judge Donald G. Wilkerson pursuant to **28 U.S.C. § 636(b)(1)(B)**, **FEDERAL RULE OF CIVIL PROCEDURE 72(b)**, and **Local Rule 72.1(a)**.

Chandra is a psychiatrist employed at the Tamms Correctional Center. Gay alleges that Chandra has repeatedly strapped him to a metal table in a cold cell while he was naked. Gay also alleges that during these periods, he has been refused meals. Additionally, Gay claims that he often engages in self-mutilation as a result of his mental condition, but that Chandra refuses to provide sufficient medication to help him control these urges.

On December 4, 2006, Gay filed a pro se motion for summary judgment (Doc. 32). Chandra filed a response on January 8, 2007 (Doc. 34) and Gay filed a reply on January 26, 2007 (Doc. 39). Additionally, on January 1, 2007, Chandra filed his own motion for summary judgment (Doc. 35). Gay responded pro se on February 27, 2007 (Doc. 41).

While these motions for summary judgment were pending, Magistrate Judge Wilkerson found it prudent to appoint counsel to assist Gay in this action. As a result, on July 6, 2007, attorney Allen Boston was appointed to represent Gay (Doc. 61). In light of this representation, the Court reopened discovery through December 19, 2007 and extended the dispositive motions deadline to December 28, 2007 so that Gay could obtain the benefit of his newly appointed counsel (Doc. 66).

After reviewing certain discovery and consulting with Gay, counsel sought leave to file an amended complaint on November 28, 2007 (Doc. 70). Additionally, on December 11, 2007, Gay's counsel filed a consent motion for an extension of time to complete discovery (Doc. 73). Therein, counsel explained that Gay's mental health records are voluminous and were not received from the correctional center until September 2007. Counsel also noted that certain discovery responses from Tamm's had not yet been received. Scheduling problems also delayed the taking of depositions at that point, and Gay's temporary transfer to a separate facility for court proceedings in another matter further complicated things. In light of all of this, Gay sought an extension of time to complete discovery through March 14, 2008.

On December 19, 2007, Chandra filed a response to the motion for an extension, stating that he did not waive his previous objection to permitting discovery in the first place (Doc. 75). However, Chandra did state that in light of the Court's prior Order setting the discovery schedule, he had no objection to an extension of discovery and agreed that "an extension would not only be reasonable, but would be helpful given the amount of records, witnesses, and issues involved in this case."

Without ever ruling on either the motion to amend the complaint or the motion for an extension of time, Magistrate Judge Wilkerson submitted a Report and Recommendation urging

the undersigned District Judge to grant Chandra's motion for summary judgment and deny Gay's motion for summary judgment (Doc. 76). Thereafter, on March 7, 2008, Magistrate Judge Wilkerson entered an Order denying the motion to amend the complaint and the motion to extend discovery (Doc. 77).

On March 14, 2008, Gay filed an objection to the Report and Recommendation (Doc. 78). Gay does not object to the substance of the Report, but instead argues that he had not been afforded sufficient time to engage in discovery after the appointment of counsel to adequately respond to Chandra's motion for summary judgment. Additionally, Gay indicates that up until Magistrate Judge Wilkerson's Report was filed, the parties had engaged in further discovery under the assumption that the Court would grant the requested extension of time. Depositions had apparently been scheduled at that time, but they were canceled upon receipt of the Report.

Chandra filed a response to Gay's objections on March 20, 2008 (Doc. 79). Having obtained a ruling in his favor, Chandra argues that this Court should adopt the Report and Recommendations, as Gay has failed to rebut the evidence presented in Chandra's motion for summary judgment.

As objections were timely filed, the Court now undertakes *de novo* review. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. PRO. 72(b); Local Rule 72.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992).** The Court may accept, reject, or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. PRO. 72(b);** *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999).**

For reasons thoroughly explained below, the Court hereby **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation and provides additional instructions for further proceedings.

## B. Analysis

The objections before this Court are atypical, in that they do not challenge the actual substantive findings of the Magistrate Judge. Instead, Gay argues that in essence he was incapable of adequately doing so because discovery was incomplete and additional time was necessary. Having reviewed the curious history of this case, the Court is compelled to agree with Plaintiff's position.

Gay was not appointed counsel until long after the parties' motions for summary judgment had been filed, and Gay had already filed pro se responses in opposition to Chandra's motion. Indeed, the motions were fully briefed as of February 27, 2007 (Doc. 41), but attorney Boston was not appointed until July 6, 2007 (Doc. 61). Only after reviewing the discovery to date was counsel able to assess what steps needed to be taken to adequately assist Gay in defending against Chandra's motion for summary judgment. Having done so, counsel determined that it was prudent to seek leave to amend the complaint (Doc. 70). Counsel also deemed it necessary to ask for an extension of time to complete discovery and did so in advance of the initial deadline (Doc. 73).

The Court has no reason to doubt counsel's statements that he was working diligently with defense counsel to expedite the process and conclude discovery in a timely fashion. This is especially apparent in light of the Defendant's own response, which stated that "an extension would not only be reasonable, but would be helpful given the amount of records, witnesses, and issues involved in this case" (Doc. 75).

Nonetheless, now Chandra claims that he "never agreed to allow Plaintiff additional time to depose any of the witnesses in the case, nor to conduct additional discovery" and that "Defendant is disadvantaged in allowing this matter to press forward" (Doc. 79). These

protestations are both inexplicable and disingenuous in light of Chandra's earlier filing.

What is clear is that more time was needed to complete discovery than the parties or the Court initially anticipated and that the parties both agreed that the voluminous records involved in the case indicated that an extension was warranted. Without additional time to at least file a thorough response to Chandra's motion for summary judgment, Gay will be denied the benefit of the counsel this very Court thought it necessary to appoint.

The Court also notes the strange nature in which the motions at issue were resolved. The Report and Recommendation was issued prior to any resolution of the pending motions to amend the complaint and to extend discovery. Such motions to amend or extend deadlines should be resolved prior to any ruling on related dispositive issues so that the parties can efficiently and fully submit any filings before deadlines expire. It is especially unclear why the ruling on the motion to extend discovery was withheld in light of the parties' apparent agreement that the schedule was unrealistic.

The issues upon which the parties moved for summary involve fact-driven inquiries, the resolution of which depend at this juncture on the ability of the parties to fully complete discovery. While the Court would not normally be sympathetic to the parties' inability to complete discovery in a three-year-old case, the particular circumstances of this action warrant a short extension of the discovery schedule so that the parties can fully present their arguments to this Court. However, given the length of time that this case has been pending, **counsel should be aware of the need to make this case a priority.**

In short, the Court will permit the parties to engage in abbreviated discovery so as to enable a full briefing of the issues in their summary judgment motion. In order to enable consolidated and orderly briefing, the Court denies the pending motions for summary judgment

without prejudice and with leave to re-file.

Finally, the Court notes that Gay requests permission to re-file his motion to amend the complaint. However, the Court has already explained that the parties and claims he wishes to join are unrelated to those claims now pending in this action (Doc. 77). As Gay cannot be permitted to join unrelated claims to the instant action, the issue need not be reconsidered.

### C. Conclusion

Accordingly, the Court hereby **ADOPTS IN PART AND REJECTS IN PART** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 76). In doing so, the Court **DENIES** Gay's motion for summary judgment (Doc. 32) and **DENIES** Chandra's motion for summary judgment (Doc. 35) **without prejudice** and with leave to re-file at the close of discovery.

As of now, discovery shall conclude by **December 1, 2008.** Dispositive motions shall be filed no later than **January 5, 2009.** Absent extraordinary circumstances, the Court is not inclined to grant any further extensions of these deadlines.

Finally, the Court noticed that Defendant's exhibits to the summary judgment motion are labeled alphabetically, from A to PPPPPP. For ease of reference, the Court **DIRECTS** the parties to numerically identify any future exhibits (i.e., 1 through 150).

**IT IS SO ORDERED.**

**DATED this 23d day of September 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**