IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-0150-MJR-DGW |
| | ) | |
| DR. RAKESH CHANDRA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTIONS IN LIMINE FILED BY PLAINTIFF ANTHONY GAY AT DOCUMENTS 107 AND 109

**REAGAN, District Judge:**

Plaintiff and Defendant have filed various motions in limine seeking the exclusion of certain testimony at trial. The two motions in limine filed by plaintiff Anthony Gay (Docs. 107, 109) are fully briefed, ready for decision and are the subject of this Order. Defendant's motions in limine will be addressed in a future order when they are ripe.

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of certain evidence before it is offered at trial. *See* **Fed. R. Evid. 104(a) ("Preliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court . . . .);** *Luce v. United States*, **469 U.S. 38, 41 n.4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize** *in limine* **rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials.").**

The motion in limine is not found in the Federal Rules of Civil Procedure nor the Federal Rules of Evidence. *Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp. 1176, 1179 (D. Kan.

1997); *see Luce*, 469 U.S. at 41 n.4. It serves to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). It also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996). At the same time, it is often the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Hunter v. Blair*, 120 F.R.D. 667 (S.D. Ohio 1987).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Plair v. E.J. Brach & Sons, Inc.*, 864 F.Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69. A court considering a motion in limine may reserve judgment until trial, so that the motion is placed "in an appropriate factual context." *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287. Stated another way, motion in limine rulings are "subject to change when the case unfolds" at

trial. ***Luce***, **469 U.S. at 41–42 (noting that "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling").** The Court should exclude evidence on a motion in limine "only when the evidence is clearly inadmissible on all potential grounds." ***Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.***, 2005 U.S. Dist. LEXIS 7902, at *10 (S.D.N.Y. May 2, 2005).

1. *Plaintiff Anthony Gay's Motion in Limine to Exclude the Testimony of Dr. Bruce Harry (Doc. 107)*

Based upon defendant's non-compliance with Federal Rule of Civil Procedure 26, the motion is granted. Plaintiff has not been provided with a complete statement from Dr. Harry that sets forth all the opinions he intends to express as well as the bases and reasons for them. This violates Rule 26(A)(2)(B)(i) and results in the plaintiff being disadvantaged by not knowing the substance of the testimony he is to face a trial from Dr. Harry. This unfair surprise violates not only the letter but the spirit of Rule 26. Additionally, the information Dr. Harry considered in forming his undisclosed opinions have similarly not been disclosed. This violates Rule 26(A)(2)(B)(ii). Moreover, exhibits used to support Dr. Harry's opinions have not been disclosed in violation of Rule 26(A)(2)(B)(iii). And lastly, a listing of cases in which Dr. Harry has testified in the previous four years as required by Rule 26(A)(2)(B)(v) has not been tendered.

Because of the infractions listed above with respect to Rule 26, plaintiff cannot properly prepare for trial and for cross-examination of this expert witness without being unduly prejudiced.

**2.**     *Plaintiff Anthony Gay's Motion in Limine to Exclude Reference to Anthony Gay's Litigiousness or Previously Filed Lawsuits (Doc. 109)*

This motion is granted to the extent that plaintiff seeks to preclude evidence and argument that he is litigious or the filer of frivolous lawsuits or both. It is denied to the extent that information in his previous lawsuits may be relevant as admissions or for impeachment purposes in the instant case. The admissibility of plaintiffs prior lawsuits and the contents therein depends upon the facts developed at trial and the laying of appropriate foundation. Before defense counsel seeks to admit evidence from prior lawsuits, or the fact that they exist, she should seek a sidebar at which time the court can hear argument out of the presence of the jury.

In conclusion, Gay's Motion to Exclude the Testimony of Dr. Bruce Harry (Doc. 107) is **GRANTED**. Gay's Motion to Exclude Reference to his Litigiousness or Previously Filed Lawsuits (Doc. 109) is **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED.

DATED this 4th day of September, 2009.

                                                    s/ Michael J. Reagan
                                                    Michael J. Reagan
                                                    United States District Judge