IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Anthony Gay,

       Plaintiff,

v.                                                                        Case No. 05-CV-0150-MJR

Dr. Chandra,

       Defendant.

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On September 17, 2009, a jury returned a verdict in favor of Defendant Rakesh Chandra and against Plaintiff Anthony Gay, finding Chandra not liable on all counts of Gay's case under 42 U.S.C. § 1983. (Doc. 153.) The Court entered judgment in accordance with the verdict on September 18. (Doc. 158.) Gay now moves, pro se, for an extension of the time to file a motion for a new trial presumably under Rule 59 of the Federal Rules of Civil Procedure. (Doc. 160.) Unfortunately, as it is outside the Court's power to grant an extension of time, the Court will deny this motion.

Granting Gay's motion for an extension would be futile. Courts cannot grant an extension of time to file a motion for a new trial under Rule 59. ***E.g.*, *Robinson v. City of Harvey*, 489 F.3d 864, 870–71 (7th Cir. 2007) ("Rule 59 motions must be made within 10 days of the entry of judgment—a time limit that cannot be extended." (citation omitted) (citing Fed. R. Civ. P. 6(b))); *Bailey v. Sharp*, 782 F.2d 1366, 1367 (7th Cir. 1986) (per curiam) ("[A] court 'may not extend the time for taking any action under' Rule 59(b)." (quoting Fed. R. Civ. P.**

1

**6(b))).** Even if the Court were to give Gay extra time notwithstanding the Federal Rules and on-point precedent, the Court would not be able to grant the motion for a new trial filed outside the 10-day window, even if it had merit. The Court of Appeals will, via writ of mandamus, order a court to vacate an order granting a new trial when the motion was filed outside the 10-day window, even if the court ordered additional time beyond the ten-day window. ***Bailey*, 782 F.2d at 1367, 1369.** The Court of Appeals resorts to mandamus because the district court has no jurisdiction to entertain a new-trial motion filed ten days after judgment, ***id.* at 1367 (citing *United States v. Smith*, 331 U.S. 469 (1947))**, and "confining courts to the lawful exercise of their jurisdiction is the traditional use of the writ," ***id.* (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)).**

Besides the fact that the Court cannot extend this deadline and cannot favorably rule on a motion granted after the deadline, setting a false deadline to file a motion for a new trial may confuse Gay, pro se, of his rights to appeal. Recently the Supreme Court overruled the so-called "unique circumstances" doctrine. ***Bowles v. Russell*, 551 U.S. 205, 213–14 (2007) (overruling *Thompson v. INS*, 375 U.S. 384 (1964) (per curiam); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962)).** The Seventh Circuit had relied on the "unique circumstances" doctrine in the context of notice-of-appeal timeliness. ***E.g.*, *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1562 (7th Cir. 1990) (en banc) (citing *Thompson*, 375 U.S. 384).** As applied to the motion for a new trial, if a person is lulled into filing the motion untimely due to relying on a court's order extending the deadline, then the time limit for filing a notice of appeal will be tolled. ***Id.*** The reason that the Supreme Court rejected the doctrine was because the 30-day period to file a notice of appeal is jurisdictional and equitable measures extending jurisdictional limitations are inappropriate. ***Bowles*, 551 U.S. at 213–14.**

2

Considering that granting Gay's motion for an extension to file a motion for a new trial would be a nullity and would potentially confuse his understanding of his right to appeal the judgment in this case, the Court **DENIES** Gay's motion for an extension (Doc. 160).

IT IS SO ORDERED.

DATED this 2nd day of October, 2009.


s/ Michael J. Reagan
Michael J. Reagan
United States District Judge

3